

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TRENDIA HUDSON                                                                    PLAINTIFF

V.                                               CIVIL ACTION NO: 3:24-cv-301-DPJ-ASH

MISSISSIPPI DEPARTMENT
OF CORRECTIONS                                                                   DEFENDANT

## COMPLAINT
### *JURY TRIAL DEMANDED*

This action seeks all relief due the Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, §§ 701 et seq., and 42 U.S.C. §§ 2000e et seq., as amended, 42 U.S.C. § 1981, as amended, because of the unlawful racial discrimination suffered by the Plaintiff while employed by the Defendant.

## JURISDICTION AND VENUE

1.      Jurisdiction for suits charging discrimination on the basis of race is vested in the Federal District Court by way of 42 U.S.C. § 2000e-5 (f)(3), 42 U.S.C. § 1981, and under 28 U.S.C. § 1331 because of the existence of a federal question.  Claims being made herein are in excess of $15,000.00.

2.      Venue is properly fixed in this division and district pursuant to 28 U.S.C. § 1391(1) and (2), since Jackson, Mississippi, is where the Defendant's principal office is situated and since that is where the unlawful employment practice was committed, where the employment records relevant to the unlawful conduct are maintained and administered, and/or where a substantial part of the events occurred.

## CONDITIONS PRECEDENT

3.      Plaintiff has satisfied all conditions precedent in filing this action in that she timely filed a charge of discrimination with the EEOC. She subsequently received a Notice of Right to Sue from the U.S. Department of Justice, Civil Rights Division.

## PARTIES

4.      Plaintiff, Ms. Trendia Hudson, is an adult resident citizen of Holmes County, Mississippi. She is a member of a protected class due to her race, black.

5.      Defendant Mississippi Department of Corrections ("MDOC") is a governmental entity organized and operating under the laws of the State of Mississippi that may be served with process of this Court by service on its Commissioner, Nathan Burl Cain, and/or upon the Attorney General of the State of Mississippi. At all times pertinent to this action, MDOC has been an "employer" as that term is used under the applicable laws identified above.

## STATEMENT OF FACTS

6.      Ms. Hudson began employment with Defendant in April, 1998, and has continued employment continuously since that date. She is currently employed as Project Manager III.

7.      Ms. Hudson is an African American female, whereas Human Resource Manager Jennifer Sledge and MDOC Commissioner Nathan Burl Cain are white.

8.      On or about January 3, 2023, MDOC posted an announcement for the position of "Corrections Warden/Deputy Superintendent." This position would come with a substantial pay increase.

9.      Ms. Hudson applied for this position and was one of eight candidates slated for interviews for the job. The aforementioned candidates were all interviewed on or about March 14,

2

2023, by Superintendent over Women's Corrections, Latoya Anderson.

10.     All of the candidates who were scheduled for interviews, including Plaintiff, are African American.

11.     After some time had passed following the interview, Plaintiff contacted Human Resource manager Jennifer Sledge and inquired about the status of the position. This contact was made in or around April, 2023.

12.     In an email exchange between Plaintiff and Sledge, Sledge , who is white, informed Plaintiff that the position of Corrections Warden/Deputy Superintendent had been filled by white MDOC employee, Susan Swindle.

13.     Swindle admitted to Plaintiff that she had not even applied for the position and that she knew Plaintiff was much more qualified for the position than Swindle was. In this regard, Swindle did not have institutional experience, whereas Plaintiff does. Further, Plaintiff has much more experience and tenure with MDOC, and her educational credentials are far superior to that of Swindle.

14.     MDOC violated its own policy by promoting Swindle to the position at issue in that Swindlel was not required to apply for the advertised position nor was she required to participate in a pre-employment interview.

15.     Plaintiff has been a model employee for MDOC and has had no disciplinary action taken against her. She has institutional experience, requisite educational requirements, more overall experience than Swindle, and was otherwise imminently qualified for the position of Warden/Deputy Superintendent.

16.     On or about August 9, 2023, Plaintiff filed a charge of discrimination with the EEOC

3

complaining of discrimination based on her race.

17.    On or about September 6, 2023, the parties participated in a mediation via ZOOM, with EEOC employee Jeanette Jimenez as mediator.  The parties were unable to resolve the case via mediation.

18.    Plaintiff requested a Notice of Right to Sue Letter and received same on February 27, 2024, from the Department of Justice.

19.    This Complaint is filed within ninety (90) days of the Plaintiff's receipt of the Notice of Right to Sue, and Plaintiff has complied with all statutory and administrative prerequisites to filing suit.

## COUNT I - RACIAL DISCRIMINATION
## TITLE VII

20.    The foregoing paragraphs 1-19 are incorporated herein as if set forth in full.

21.    This is an action against the Defendant for discrimination based upon race brought under 42 U.S.C. §§ 2000e et seq.

22.    Plaintiff has been the victim of discrimination and has been subjected to differential treatment on the basis, at least in part, of her race.

23.    Defendant is liable for the discrimination towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the discrimination against Plaintiff.

24.    As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses,

inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive and equitable relief.

## COUNT II - RACIAL DISCRIMINATION
### 42 U.S.C. § 1981

25.     Paragraphs 1-19 are re-alleged and incorporated herein as if set forth in full.

26.     This is an action against Defendant for discrimination based upon race brought under 42 U.S.C. § 1981.

27.     Plaintiff has been the victim of discrimination on the basis of her race in that she was treated differently than white employees of Defendant and was subjected to differential treatment resulting in her failure to receive promotions, raises in compensation, and other benefits received by white employees. In particular, Plaintiff was discriminated against based on her race when white employee Susan Swindle was promoted to Warden/Deputy Superintendent based, at least in part, on her race, rather than based on her qualifications *vel non* for said job.

28.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's employment with Defendant.

29.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of 42 U.S.C. § 1981.

30.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred

in the past, are permanent and continuing. Plaintiff is entitled to injunctive and equitable relief.

## COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31. The Defendant's acts and those of its agents, servants, and employees as to Plaintiff were so extreme and outrageous so as to rise to the level of intentional infliction of emotional distress.

32. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive and equitable relief.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that the Court take jurisdiction over this cause, and grant the following relief:

(a) compensatory damages in the form of reduced wage earning capacity, emotional pain, suffering, inconvenience, mental anguish and other non-pecuniary losses as permitted by §102(b)(3) of the Civil Rights Act of 1991, and all other such damages allowed under the law;

(b) award Plaintiff back pay and related benefits for the time period following her Defendant's wrongful conduct;

(c) compensatory damages for emotional distress, mental anguish, personal suffering, embarrassment and public humiliation arising from the Defendant's tortious conduct, and all such other damages allowed under the

6

law;

(d)  all costs of Court, including reasonable attorneys' fees incurred in the prosecution of this cause pursuant to 42 U.S.C. § 2000e-5(k);

(e)  a jury trial is demanded in accordance with §102(c) of the Civil Rights Act of 1991;

(f)  all pre-judgment and post-judgment interest;

(g)  award Plaintiff any other relief as may be proper including front pay, back pay, attorney's fees and costs as set forth, above;

(h)  punitive damages for Defendants' knowing, willful and intentional conduct and all other such damages allowed under the law; and

(i)  all further and general relief which the Court finds appropriate under the circumstances;

(j)  enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated above.

This the 24th day of May, 2024.

Respectfully submitted,
TRENDIA HUDSON– PLAINTIFF

/s/ James H. Murphy
JAMES H. MURPHY, ESQ (MSB 102223)
MURPHY LAW FIRM, PLLC
211 S. Valley St., Suite A
Post Office Box 1338
Carthage, Mississippi 39051
(601) 267-0200 (telephone)
(601) 292-7160 (facsimile)
jmurphy@murphyjustice.com
ATTORNEY FOR PLAINTIFF